UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| GAIL P. NUTTALL and LESLIE LINDEMAN, Derivatively on Behalf of THE CHILDREN'S PLACE RETAIL STORES, INC.,<br><br>    Plaintiff,<br><br>vs.<br><br>EZRA DABAH, et al.,<br><br>    Defendants,<br><br>– and –<br><br>THE CHILDREN'S PLACE RETAIL STORES, INC., a Delaware corporation,<br><br>    Nominal Defendant. | Case No. 2:07-cv-121 (SDW) (MCA)<br><br>Hon. Susan D. Wigenton, U.S.D.J.<br><br>**PRELIMINARY APPROVAL ORDER** |

## PRELIMINARY APPROVAL ORDER

The Parties to the above-captioned shareholder derivative action (the "Action"), having applied pursuant to Rule 23.1 of the Federal Rules of Civil Procedure for an order approving the proposed settlement of the Action in accordance with the Stipulation of Settlement by and among the Parties dated as of May 21, 2008 (the "Stipulation"), which, together with the exhibits annexed thereto, sets forth the terms and conditions for the proposed settlement of the

Action (the "Settlement"), and for dismissal of the Action with prejudice upon the terms and conditions set forth in the Stipulation; and the Court having read and considered the Stipulation and accompanying exhibits; and all Parties having consented to the entry of this Order;

NOW, THEREFORE, this 29th day of May, 2008, upon application of the Parties, **IT IS HEREBY ORDERED** that:

1. Except for terms defined herein, the Court adopts and incorporates the definitions contained in the Stipulation for purposes of this Order.

2. A final settlement hearing (the "Settlement Hearing") shall be held before the Court on 21 July, 2008, at 2:00 PM, at the Martin Luther King Building & U.S. Courthouse, 50 Walnut Street, Room MLK 2A, Newark, New Jersey 07101, to: (i) determine whether the Court should approve the Settlement as fair, reasonable, adequate and in the best interests of TCP and Current TCP Stockholders; (ii) determine whether the Court should enter the Final Judgment Approving Settlement And Order Of Dismissal pursuant to the Stipulation; (iii) determine whether the Court should approve the Fee Award to Plaintiffs' Counsel; (iv) hear and determine any validly filed objections by Current TCP Stockholders to the terms of the Settlement or to the Fee Award; and (iv) rule on such other matters as the Court may deem appropriate.

3. The Court reserves the right to adjourn the Settlement Hearing or any adjournment thereof, including the consideration of the Fee Award, without further notice of any kind other than oral announcement at the Settlement Hearing or any adjournment thereof.

4. The Court reserves the right to approve the Settlement at or after the Settlement Hearing with such modification(s) as may be agreed upon by counsel to the Parties to the Stipulation and without further notice to Current TCP Stockholders, and retains jurisdiction to consider all further applications arising out of or relating to the proposed Settlement.

5. The Court approves, as to form and content, the Notice Of Proposed Settlement Of Derivative Litigation, Hearing Thereon, And Right To Appear (the "Notice"), annexed as Exhibit B to the Stipulation, and the Summary Notice Of Proposed Settlement Of Shareholder Derivative Litigation, Hearing Thereon, And Right To Appear (the "Summary Notice"), annexed as Exhibit D to the Stipulation. The Court finds that the filing of a current report with the Securities and Exchange Commission (the "SEC") on Form 8-K, attaching the Notice in substantially the form annexed to the Stipulation as Exhibit B, and the publication of the Summary Notice in *Investor's Business Daily* in substantially the form annexed to the Stipulation as Exhibit D, in the manner and form set forth in Paragraphs 6 and 7 of this Order, complies with due process and the rules of this

Court, is the best notice practicable under the circumstances, and shall constitute due and sufficient notice for all purposes to all Current TCP Stockholders.

6. Nominal Defendant TCP shall assume administrative responsibility for filing, not later than ten (10) days following the entry of this Order, a current report with the SEC on Form 8-K attaching the Notice, substantially in the form annexed as Exhibit B to the Stipulation.

7. Plaintiffs' Counsel shall assume administrative responsibility for publishing, not later than twenty (20) days following the entry of this Order, a copy of the Summary Notice, substantially in the form annexed as Exhibit C to the Stipulation, once in *Investor's Business Daily*.

8. At least seven (7) days prior to the Settlement Hearing, TCP's counsel shall file with the Court proof, by affidavit, of the filing of the Notice with the SEC as an attachment to a current report on Form 8-K; and at least seven (7) days prior to the Settlement Hearing, Plaintiffs' Counsel shall file with the Court proof, by affidavit, of the publication of the Summary Notice in *Investor's Business Daily*.

9. All proceedings in the Action, other than such proceedings as may be necessary to carry out the terms and conditions of the Settlement, are hereby stayed and suspended until further order of this Court.

10. Any Current TCP Stockholder who objects to the Stipulation, the Settlement, and/or the Fee Award, or who otherwise wishes to be heard, may appear in person or by his, her or its attorney at the Settlement Hearing and present evidence or argument that may be proper and relevant; ***provided, however***, that, except for good cause shown as determined by the Court, no Person other than Plaintiffs' Counsel and Defendants' Counsel in the Action shall be heard, and no papers, briefs, pleadings or other documents submitted by any Person shall be considered by the Court, unless (i) a written notice of intention to appear, containing such Person's name, legal address, and telephone number; (ii) proof of ownership of TCP stock, including the date(s) such Person acquired his, her or its TCP shares, and a statement as to whether the Person will own TCP common stock as of the date of the Settlement Hearing; and (iii) a detailed statement of such Person's objections to any matters before the Court, including copies of any papers such Person intends the Court to consider, and the names of any witness(es) the Person plans to call to testify at the Settlement Hearing, along with the subject(s) of their testimony, shall be filed by such Person with the Clerk of Court, Martin Luther King Building & U.S. Courthouse, 50 Walnut Street, Newark, New Jersey 07101, NOT LATER THAN TEN (10) CALENDAR DAYS prior to the date established in Paragraph 2, above, for the Settlement Hearing, and, on or before the

date of such filing with the Court, copies of such filings shall be served, by hand or by overnight mail, on the following counsel of record:

| | |
|---|---|
| The Weiser Law Firm, P.C. | Weil, Gotshal & Manges LLP |
| Attn: Robert B. Weiser, Esq. | Attn: Anthony J. Albanese, Esq. |
| 121 N. Wayne Ave., Suite 100 | 767 Fifth Avenue |
| Wayne, PA 19087 | New York, NY 10153 |
| **Plaintiffs' Counsel** | **Counsel for TCP** |

11. Any Person who fails to object in the manner described above shall be deemed to have waived the right to object (including any right of appeal) and shall be forever barred from raising such objection in this or any other action or proceeding, unless the Court orders otherwise.

12. If the Settlement shall be approved by the Court following the Settlement Hearing, the Judgment shall be entered as described in the Stipulation.

13. If the Settlement, including any amendment made in accordance with the Stipulation, is not approved by the Court or shall not become effective for any reason whatsoever, the Settlement (including any modification thereof made with the consent of the Parties as provided for in the Stipulation) and any actions taken or to be taken in connection therewith (including this Order and any judgment entered herein) shall be terminated and shall become void and of no further force and effect, except for TCP's obligation to pay for any expenses incurred in connection with the Notice, the Summary Notice, and administration of the Settlement as provided for by this Order. In that event, neither the Stipulation,

nor any provision contained in the Stipulation, nor any action undertaken pursuant thereto, nor the negotiation thereof by any Party, shall be deemed an admission or received as evidence in this or any other action or proceeding.

SO ORDERED.

Signed this 29th day of May, 2008.

_____
HON. SUSAN D. WIGENTON, U.S.D.J.