# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| GAIL P. NUTTALL and LESLIE LINDEMAN, Derivatively on Behalf of THE CHILDREN'S PLACE RETAIL STORES, INC., <br><br> Plaintiff, <br><br> vs. <br><br> EZRA DABAH, et al., <br><br> Defendants, <br><br> – and – <br><br> THE CHILDREN'S PLACE RETAIL STORES, INC., a Delaware corporation, <br><br> Nominal Defendant. | Case No. 2:07-cv-121 (SDW) (MCA) <br><br> Hon. Susan D. Wigenton, U.S.D.J. <br><br> **FINAL JUDGMENT APPROVING SETTLEMENT AND ORDER OF DISMISSAL** |

## FINAL JUDGMENT APPROVING SETTLEMENT AND ORDER OF DISMISSAL

A hearing having been held before this Court (the "Court") on July 21, 2008, pursuant to the Court's Preliminary Approval Order dated May 29, 2008 entered May 30, 2008 (the "Preliminary Approval Order"), upon a Stipulation of Settlement executed on May 21, 2008 (the "Stipulation") in the above-captioned action (the "Action"), which are incorporated herein by reference, it appearing that due notice of said hearing was given in accordance with the Preliminary Approval

Order and that said notice was adequate and sufficient; and the Parties having appeared by their attorneys of record; and the attorneys for the respective Parties having been heard in support of the Settlement of the Action, and an opportunity to be heard having been given to all other Persons desiring to be heard as provided in the Notice and the Summary Notice; and the entire matter of the Settlement having been considered by the Court;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED, this ___ day of July 2008, as follows:

1. Unless otherwise defined herein, all defined terms shall have the meanings as set forth in the Stipulation.

2. The Notice Of Proposed Settlement Of Derivative Litigation, Hearing Thereon, And Right To Appear (the "Notice"), annexed as Exhibit B to the Stipulation, has been published by TCP on Form 8-K, and the Summary Notice Of Proposed Settlement Of Shareholder Derivative Litigation, Hearing Thereon, And Right To Appear (the "Summary Notice"), annexed as Exhibit D to the Stipulation, has been published once in the national edition of *Investor's Business Daily*, pursuant to and in the manner directed by the Preliminary Approval Order; proof of the publication of the Notice and the Summary Notice was filed with the Court; and full opportunity to be heard has been offered to all Parties and all Persons in interest. The form and manner of the Notice and the Summary Notice is

hereby determined to have been the best notice practicable under the circumstances and to have been given in full compliance with each of the requirements of Rule 23.1 of the Federal Rules of Civil Procedure and due process, and it is further determined that all Current TCP Stockholders are bound by the Judgment herein.

3. The Court finds that the Stipulation and the terms of the Settlement set forth therein are fair, reasonable and adequate and in the best interests of TCP and Current TCP Stockholders. The Settlement is hereby approved pursuant to Rule 23.1 of the Federal Rules of Civil Procedure. The Parties to the Stipulation are hereby authorized and directed to comply with and to consummate the Settlement in accordance with its terms and provisions, and the Clerk of Court is directed to enter and docket this Judgment.

4. This Judgment shall not constitute any evidence or admission by any Party herein that any acts of wrongdoing have been committed by any of the Parties to the Action and should not be deemed to create any inference that there is any liability therefore.

5. The Action is hereby dismissed on the merits and with prejudice, with each Party to bear his, her, or its own costs except as detailed in the Stipulation.

6. As provided for in the Stipulation, Plaintiffs and Plaintiffs' Counsel, on their own behalf and derivatively on behalf of TCP (as nominal

defendant) and Current TCP Stockholders (in their capacity as stockholders only) shall be deemed to have fully, finally, and forever released, relinquished and discharged all Released Claims (including "Unknown Claims," as defined in the Stipulation) against each and every Defendant in the Action, including their respective families, parent entities, associates, affiliates or subsidiaries and each and all of their respective past, present or future officers, directors, stockholders, representatives, employees, attorneys, financial or investment advisors, consultants, accountants, investment bankers, commercial bankers, engineers, advisors or agents, heirs, executors, trustees, general or limited partners or partnerships, personal representatives, estates, administrators, predecessors, successors and assigns, and any and all of Defendants' Affiliates, as defined in the Stipulation (collectively, the "Released Persons"), that are based upon or related in any way to the facts, circumstances, transactions, events, occurrences, disclosures, statements, omissions, acts or failures to act which were alleged or could have been alleged in the Action, including, without limitation, claims for violations of the federal securities laws, breach of fiduciary duty, fraud, self-dealing, misrepresentation (whether intentional, negligent or innocent), omission (whether intentional, negligent or innocent), mismanagement, gross mismanagement, corporate waste, abuse of control, unjust enrichment, breach of contract, negligence, gross negligence, or violations of any state statutes, Company policies

and procedures, rules or regulations or any other source of legal or equitable obligation of any kind or description, in whatever forum.

7.  As provided for in the Stipulation, each of the Released Persons shall be deemed to have fully, finally, and forever released, relinquished and discharged the Plaintiffs and Plaintiffs' Counsel from all claims (including "Unknown Claims," as defined in the Stipulation) arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement or resolution of the Action or the Released Claims. Further, each of the Released Persons shall be deemed to have fully, finally, and forever released, relinquished and discharged nominal defendant TCP from any claims for indemnification arising directly from the Action (and no other claims or potential claims against nominal defendant TCP).

8.  Plaintiffs' Counsel are hereby awarded attorneys' fees and expenses in the amount of $700,000 (the "Fee Award"), which sum the Court finds to be fair and reasonable and which shall be paid to Plaintiffs' Counsel in accordance with the terms of the Stipulation.

9.  The Court hereby approves the payment of the Incentive Award to each named Plaintiff in the amount of $2,500, as set forth in the Stipulation, and finds that the amounts to be paid are reasonable.

10. In the event that the Settlement of the Action does not become effective as set forth in the Stipulation for any reason, then, without the need for any further action by any Party thereto or by the Court, the Stipulation and this Judgment shall become null and void and of no further force or effect, and shall not be used or referred to for any purpose whatsoever. In that event, the Stipulation, this Judgment and all negotiations and proceedings relating thereto shall be withdrawn without prejudice as to the rights of all Parties thereto, who shall be restored to their respective positions existing prior to the execution of the Stipulation and this Judgment.

11. The effectiveness of this Judgment and the obligations of Plaintiffs and Defendants under the Settlement shall not be conditioned upon or subject to the resolution of any appeal from this Judgment that relates solely to the Fee Award.

12. All other relief not expressly granted in this Judgment is denied.

13. Without affecting the finality of this Judgment in any way, this Court reserves jurisdiction over all matters relating to the administration and consummation of the Settlement.

SO ORDERED.

Signed this 21ST day of July, 2008.

HON. SUSAN D. WIGENTON, U.S.D.J.